IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERCOLE A. MIRARCHI, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. 21-126 |
| KATHY BOOCKVAR, et al, | |
| Defendants. | |

## MEMORANDUM OPINION

Schmehl, J.   /s/JLS                                                                                        December 30, 2021

### I.   INTRODUCTION

Before the Court are the motions to dismiss of Defendants, Kathy Boockvar, Montgomery County Board of Elections, Chester County Board of Elections, Bucks County Board of Elections, Centre County Board of Elections, Dauphin County Board of Elections, Lackawanna County Board of Elections, Philadelphia County Board of Elections, Allegheny County Board of Elections, Joseph R. Biden, Kamala D. Harris, the Federal Bureau of Investigation, the United States Securities and Exchange Commission, the United States Department of Justice, and the United States House Committee on Financial Services.[1] *Pro se* plaintiff, Ercole A. Mirarchi, alleges that an election fraud conspiracy by unknown entities manipulated the 2020 general election.

---

[1] I note that Plaintiff's Final Amended Complaint included Northampton County Board of Elections, Erie County Board of Elections, Lehigh County Board of Elections, the Democratic National Committee and the Monroe County Board of Elections as defendants. No one has entered an appearance on behalf of these defendants as of the date of this opinion. However, for the reasons contained in this opinion, Mirarchi's complaint will be dismissed as to these defendants as well.

Plaintiff's Final Amended Complaint alleges that the 2020 general election was rigged because the results of the vote tallies correlate with mathematical constants and seeks injunctive relief and monetary damages. The Final Amended Complaint sets forth causes of action for election fraud and treason, deprivation of rights and fraud in violation of RICO, all arising out of the 2020 General Election. For the reasons that follow, the Court finds that Plaintiff does not have standing and that his claims are moot. Therefore, the Court grants Defendants' Motions to Dismiss the Final Amended Complaint and this matter will be dismissed with prejudice.

## II.     FACTUAL BACKGROUND

Mirarchi is a resident of Philadelphia, Pennsylvania, and cast a ballot in the 2020 general elections. (Docket No. 26.) On November 28, 2020, Mirarchi reviewed the Nation's election results out of a curiosity arising from hearing about massive voter fraud allegations. *Id.* at ¶ 7. He recognized that the nationwide election results for then-candidates Joe Biden and Kamala Harris "interconnected with a *geometrical math constant*, the Golden Ratio Squared, 2.61803399, and a Reconstruction Cost Value, 601118, that was uncovered to be a *numeric mechanism* of some sort used in *financial engineering*, which was hidden under the guise of a set of untrue Marshall & Swift building appraisal records, which ironically, was unfairly and criminally used against [Mirarchi] in an unrelated litigation . . . ." *Id.* at ¶ 7 (emphasis in original). After this discovery, Mirarchi realized that the 2020 general election "may have been RIGGED, from the start, using some sort of a *math process* and or other unknown methods" which may have rendered his and everyone else's votes null. *Id.* at ¶ 9 (emphasis in original).

For the next month, Mirarchi "continued to observe how *geometrical math constants* interconnect with the vote totals from [the] 2020 Presidential Election . . . ." *Id.* at ¶ 10. He later noticed similar patterns in the vote tallies of Pennsylvania and its individual counties. *Id.* at ¶¶ 46-86. Believing the correlation between the vote tallies and mathematical constants to be evidence of election fraud, Mirarchi initiated this action seeking injunctive relief and monetary damages. *Id.* at 79-83. Mirarchi filed his first complaint on January 12, 2021, two months after the 2020 general election and after the Pennsylvania electors voted and the Pennsylvania Secretary of State certified that vote to Congress as required by the Constitution. Thereafter, he filed a series of amended complaints, including after the inauguration of President Biden and Vice President Harris. Mirarchi filed this Final Amended Complaint on March 3, 2021.

### III.   STANDARD OF REVIEW

A defendant may move to dismiss a complaint under Rule 12(b)(1) where the district court lacks subject-matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction "bear[s] the burden of proving that jurisdiction exists." *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 429 (3d Cir. 2016). In a facial challenge to subject-matter jurisdiction in which the defendant attacks the sufficiency of a complaint, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## IV. DISCUSSION

All Defendants moved to dismiss the Final Amended Complaint in its entirety. For the reasons that follow, the Court will grant Defendants' Motions and dismiss Plaintiffs' Final Amended Complaint.

### A. Plaintiff Lacks Standing to Challenge the 2020 General Election

It is undisputed that federal courts can only resolve matters that involve "cases and controversies." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 254 (3d Cir. 2005). As part of the case-or-controversy requirement, "plaintiffs must establish that they have standing to sue." *Id.* The Supreme Court has held that in order to establish standing a plaintiff must establish three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) substantial likelihood of remedy, not mere speculation that the requested relief will remedy the alleged injury in fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden to prove all elements existed at the time of filing for each cause of action. *In re Schering Plough Corp.*, 678 F.3d 235, 244-45 (3d Cir. 2012).

An injury in fact must include an invasion of a legally protected interest that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. To be concrete, an injury must be "real, and not abstract," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), and generalized grievances are not sufficiently particular for standing. *United States v. Richardson*, 418 U.S. 166, 173-75 (1974). In plain language, standing tells a plaintiff that "you–and you personally– must be injured, and you must be injured in a way that concretely impacts your own protected legal interests." *Bognet v. Sec'y Commonwealth of Pennsylvania*, 980 F.3d 336,

348, 356 (3d Cir. 2020) ("*Bognet 1*") (subsequent history omitted) ("The opposite of a particularized injury is a generalized grievance, where the impact on plaintiff is plainly undifferentiated and common to all members of the public.")

      Here, Mirarchi cannot prove any of the elements of standing. First, Mirarchi lacks standing because he cannot show that he suffered an injury in fact that is concrete and particularized. In essence, Mirarchi asserts that because the election results correlate with approximations of multiples of randomly chosen mathematical constants, the election was "rigged," and Mirarchi, as a member of the electorate, was harmed as a result. He claims that he suffered an injury to his right to vote like all citizens who participate in the electoral process. To the extent Mirarchi suffered any injury, this injury is indistinguishable from that of any other citizen. *See Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020) (holding voter fraud that "has a mathematical impact on the final tally and thus on the proportional effect of every vote" does not provide particularized injury to any one voter). Mirarchi's purported injury is so widespread that it amounts to a general grievance rather than a particularized harm. Further, concerns of large-scale voter fraud "involve questions of wide public significance that are most appropriately addressed by the legislative branch," not by the courts. *Landes v. Tartaglione*, 2004 WL 2397292, at *3 (E.D. Pa. Oct. 25, 2004), *aff'd*, 153 F. App'x 131 (3d Cir. 2005); *see also Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter. Such claimed injury therefore does not satisfy the requirement that Plaintiffs must state a concrete and particularized injury.") Without an injury in fact, Mirarchi cannot demonstrate that he has standing.

Second, Mirarchi lacks standing because he has not pled that the injury was caused by the defendants. Even if Mirarchi had pled an injury in fact, the injury is not plausibly traceable to the defendants' purported knowing use or approval to use mathematical forces to fix the results of the election. *Lujan*, 504 U.S. at 560 (holding that the injury must be fairly traceable to the challenged actions of the defendants and not the result of the "independent action of some third party not before the court"). The purported injury - vote results that correlate with mathematical constants instead of votes actually cast by voters- could be the result of any number of other explanations. Without alleging the link between the purported injury and the defendants, Mirarchi cannot demonstrate that he has standing.

Finally, Mirarchi lacks standing because there is no redressable injury, given that the election is certified and final. To have Article III standing, the plaintiff's injury in fact must redressable by a favorable decision. *Lujan*, 504 U.S. at 561. Further, courts show extreme restraint in interfering in elections through injunctive relief in order to preserve the integrity of the election process and confidence in the results. *See Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). To the extent Mirarchi suffered an injury in fact, this Court cannot provide the requested remedy he seeks. *See Bognet v. Degraffenreid*, 131 S. Ct. 2508 (2021) ("*Bognet 2*") (vacating challenge to the 2020 general election results as moot). Even if the Court should find the vote counts to be suspicious as alleged by Mirarchi, he still lacks a redressable injury as the election has been certified and is final. Therefore, Mirarchi cannot demonstrate that he has standing and Defendants' motions to dismiss will be granted.

### B. Plaintiff's Claims Are Moot

Even if Mirarchi had standing to challenge the election, his complaint must still be dismissed because cases seeking to address the 2020 general election are now moot. Article III requires a justiciable case or controversy "at all stages of review." *United States v. Juv. Male*, 564 U.S. 932, 936 (2011). At all times, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If the plaintiff no longer has a redressable interest in the outcome because of developments that eliminate his or her personal stake in the controversy, then the claims become moot because the district court cannot provide effective relief. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).

Mirarchi seeks to enjoin two past events related to the 2020 general election: (1) to "cancel Pennsylvania's ascertainment of the vote;" and (2) to suspend or cancel the result of the Joint Session of Congress' count of electoral votes. However, this Court cannot grant this requested injunctive relief. In *Bognet 1*, the plaintiffs challenged both the way Pennsylvania conducted the 2020 election and the way it counted the results. 980 F.3d at 345-46. The Third Circuit affirmed the district court's denial of the plaintiff's motion for a preliminary injunction on the merits. *Id.* The plaintiffs filed a petition of writ of certiorari with the Supreme Court, which granted the writ but dismissed the case as moot. *Bognet 2*, 131 S. Ct. at 2508. Like the claims for injunctive relief in *Bognet 1*, Mirarchi's claims for injunctive relief must also be dismissed as moot because they concern past events in connection with the 2020 general election. Pennsylvania certified its election results, Congress counted the electoral votes, and Joe Biden was sworn in as

President. There is no further injunctive relief this Court can order related to the 2020 election. Therefore, any claim for injunctive relief is moot and Defendants' Motions to Dismiss are granted.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted and this matter is dismissed with prejudice.[2]

---

[2] Because this case is dismissed due to lack of standing and mootness, it is not necessary for the Court to address the remaining arguments set forth in Defendants' motions to dismiss.